**E-FILED**
Friday, 04 April, 2008  11:20:50 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES EDWARD SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 06-3235 |
| | ) | |
| AMERICAN GENERAL LIFE | ) | |
| INSURANCE COMPANY, as | ) | |
| successor in interest to FRANKLIN | ) | |
| LIFE INSURANCE CO., | ) | |
| | ) | |
| Defendant. | | |

## <u>OPINION</u>

American General Life Insurance Company, the successor-in-interest to Franklin Life Insurance Co. ("Franklin Life"),[1] moves for summary judgment (d/e 11) and entry of judgment (d/e 16) on Plaintiff James Smith's ("Smith") claims for fraud and breach of contract.

Judicial estoppel bars Smith's claims.

The motions are granted.

---

[1] For the sake of simplicity, the Defendant will be referred to as "Franklin Life" throughout this opinion.

## I.  FACTS

Smith worked for Franklin Life under a series of contracts for more than 26 years until his termination on August 30, 1996.  Smith filed suit against Franklin Life in the United States District Court for the Eastern District of Missouri on June 6, 2001, alleging fraud and breach of contract arising out of his termination.  In December 2001, Smith filed a petition for bankruptcy but failed to list his pending lawsuit against Franklin Life in his schedules.  Nonetheless, he received a discharge in March 2002.

On September 6, 2002, Franklin Life filed a counterclaim against Smith.  In response, Smith voluntarily dismissed his claim and moved for the dismissal of Franklin Life's counterclaim.  The district court denied the dismissal motion on August 26, 2003.  On October 16, 2003, Smith reopened his bankruptcy case and amended his schedules to include both his claim against Franklin Life and the counterclaim.  Smith listed the value as "unknown," but also added a note explaining "no value may be dismissed."   The parties then filed a joint motion to dismiss the counterclaim with prejudice, which the district court granted.  In early May

2

2005, the bankruptcy case was closed with a report of no distribution.

On August 30, 2006, Smith filed this suit against Franklin Life in the Circuit Court of the Seventh Judicial District, Sangamon County, Illinois. Again, he alleged fraud and breach of contract claims arising out of his termination.  Franklin Life removed the case to this Court and now seeks summary judgment.[2]

## II.  APPLICABLE STANDARDS

"Summary judgment is proper when 'there is no genuine issue as to any material fact and . . . the [movant] is entitled to a judgment as a matter of law.'" *Kannapien v. Quaker Oats Co.*, 507 F.3d 629, 635 (7th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)).  "Summary judgment is not appropriate 'if the evidence is such that a reasonable jury could return a verdict for the

---

[2] During the pendency of the summary judgment motion, Smith's attorney withdrew from the case.  Smith, apparently unable to obtain representation, missed the deadline for responding to the summary judgment motion, and Franklin Life moved for the entry of judgment against him.  Nevertheless, because of Smith's pro se status, this Court issued a *Timms* notice, *see Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992), and granted Smith additional time to file a response to Franklin Life's motions.  Smith, however, missed this filing deadline as well and has not filed any documents in opposition to either motion.

3

nonmoving party.'" *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505,

91 L. Ed. 2d 202 (1986)).

## III.  ANALYSIS

Arguing that Smith asserted an inconsistent position in his prior

bankruptcy case, Franklin Life urges this Court to grant summary judgment

in its favor based on judicial estoppel.[3]  "Judicial estoppel is a doctrine

intended to prevent the perversion of the judicial process."  *Matter of*

*Cassidy*, 892 F.2d 637, 641(7th Cir. 1990) (citing *Edwards v. Aetna Life Ins.*

*Co.*, 690 F.2d 595, 599 (6th Cir. 1982)).   The doctrine applies where

---

[3]When judicial estoppel is premised on a failure to schedule a lawsuit in a prior bankruptcy proceeding, a court must first determine whether the former debtor has standing to bring suit.  Because most of a debtor's possessions become property of the estate upon the filing of a bankruptcy petition, *see* 11 U.S.C. § 541, standing to bring a post-discharge suit based on a pre-bankruptcy claim exists only where the trustee abandons the claims pursuant to 11 U.S.C. § 554.  Initially, Smith lacked such standing, because of his failure to disclose the lawsuit.  *See Becker v. Verizon N., Inc.*, No. 06-2956, 2007 WL 1224039, *1 (7th Cir. Apr. 25, 2007) (unpublished).  To remedy this problem, Smith reopened his bankruptcy case and amended his schedules to include his claims against Franklin Life.  Since the trustee failed to take any action respecting the claim before closing the estate, it was then abandoned back to Smith under § 554(c).  Thus, Smith currently has standing.

"'intentional self-contradiction is being used as a means of obtaining unfair advantage . . . .'" *Id.* (quoting *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953)).

Though the Seventh Circuit has applied judicial estoppel to unscheduled lawsuits several times, those cases involved former debtors who never scheduled their claims. *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir.), *cert denied,* 127 S. Ct. 838, 166 L. Ed. 2d 671 (2006), *reh'g denied,* 127 S. Ct. 1396, 167 L. Ed. 2d 177 (2007);[4] *Becker v. Verizon N., Inc.*, No. 06-2956, 2007 WL 1224039 (7th Cir. Apr. 25, 2007) (unpublished). In this case, however, the plaintiff attempted to rectify his prior omission by amending his bankruptcy filings. While the Seventh Circuit has not addressed the doctrine in this context,[5] several other appellate courts have

---

[4]The Court did not specify how the trustee abandoned the unscheduled claim. *See Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir.), *cert denied* 127 S. Ct. 838, 166 L. Ed. 2d 671 (2006), *rehearing denied* 127 S. Ct. 1396, 167 L. Ed. 2d 177 (2007); *In re FV Steel and Wire Co.*, 349 B.R. 181, 187 (Bankr. E.D. Wis. 2006) (noting the same).

[5]In *Cannon-Stokes*, the Court did note that the plaintiff, if she had inadvertently omitted a claim, could have reopened her bankruptcy case "as soon as she realized that it *had* been omitted . . . ." *Cannon-Stokes*,

(continued...)

rejected such procedural chicanery. *See Eastman v. Union Pacific R. Co.*, 493 F.3d 1151, 1157-60 (7th Cir. 2007) (affirming district court's decision to judicially estop plaintiff from bringing a previously undisclosed claim in spite of reopening of bankruptcy estate); *In re Superior Crewboats, Inc.*, 374 F.3d 330, 336 (5th Cir. 2004) (judicially estopping plaintiff from asserting an unscheduled claim and rejecting an attempt to reopen the bankruptcy estate to amend the schedules); *see also Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1297 (11th Cir. 2003) (applying judicial estoppel despite plaintiff's attempt to reopen bankruptcy estate); *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC*, 337 F.3d 314, 320-21 (3d Cir. 2003) (rejecting argument that inadequate disclosure in initial scheduling could be cured because "[t]he bankruptcy rules were clearly not intended to encourage . . . inadequate and misleading disclosure by creating an escape hatch debtors can duck into to avoid sanctions for omitting claims once their lack of

---

[5](...continued)
453 F.3d at 448.  This statement does not control the present case, however, since the plaintiff neglected to reopen his case "as soon as [he] realized that [the claim] had been omitted . . . ," but instead delayed until disclosure became advantageous.

6

candor is discovered").  *But see Dunmore v. United States*, 358 F.3d 1107, 1113 n.3 (9th Cir. 2004) (noting that the reopening of a bankruptcy estate to administer previously unscheduled claims was "cumbersome" but constituted "a permissible alternative to judicial estoppel . . .").  These courts reasoned that "allowing [a plaintiff] to 'back up' and benefit from the reopening of his bankruptcy only after his omission had been exposed would 'suggest[] that a debtor should consider disclosing potential assets only if he is caught concealing them.'" *Eastman*, 493 F.3d at 1160 (quoting *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002)). Although refusing to apply a per se rule of judicial estoppel, most courts have found that the doctrine bars previously undisclosed claims (whether amended scheduling occurred or not) unless the prior omission was "inadvertent or mistaken."  Inadvertence or mistake exists where (1) the plaintiff lacked knowledge of the undisclosed claim or (2) had no motive to conceal the claim.  *See, e.g., id.* at 1157.

Relying on these appellate decisions, a district judge in this division recently applied judicial estoppel in a similar context.  *See Bland v. Rahar*,

No. 06-3072, 2008 WL 109388 (C.D. Ill. Jan. 9, 2008).  In *Bland*, the plaintiff was a former debtor who had failed to disclose a pre-petition lawsuit on his bankruptcy schedules.  *Id.* at *1.  Learning of this deficiency, the defendant moved for summary judgment.  *Id.* at *2.  The plaintiff responded by reopening his bankruptcy estate and amending his schedules to include the lawsuit.  *Id.*  Rejecting the notion that this eleventh hour maneuver precluded application of judicial estoppel, the Court applied the "inadvertence or mistake" test and concluded the former debtor had knowledge of the factual basis for his claim and a monetary motive for concealment.  *Id.* at *2-4.  Therefore, the previously undisclosed claim was barred.  *Id.* at 4.

This Court finds *Bland* persuasive and agrees with its use of the "inadvertence or mistake" test.[6]  Thus, the pertinent questions are whether

---

[6]In contrast to *Bland*, other courts within this circuit have refused to apply judicial estoppel where a plaintiff reopened his bankruptcy case to schedule a previously omitted claim.  *Ford-Fugate v. FedEx Freight*, No. 04-1514, 2007 WL 79104, *5 (S.D. Ind. Jan. 8, 2007); *Swearing-El v. Cook County Sheriff's Dep't*, 456 F. Supp. 2d 986, 991 (N.D. Ill. 2006); *In re FV Steel*, 349 B.R. at 187.  Significantly, however, these cases were being pursued for the benefit of the creditors not the plaintiff.  As such,

(continued...)

Smith had knowledge of the facts supporting his claim at the time of his bankruptcy and whether he had a motive to conceal the claim.

First, Smith clearly had knowledge of his claim since his suit was pending for six months when he filed for bankruptcy. *See Eastman*, 493 F.3d at 1159 ("[W]e think it inconceivable that [the plaintiff], at the time he filed for bankruptcy, did not understand he had a personal injury action pending for nine months prior from which he stood to benefit financially. That he well knew of his pending lawsuit and simply did not disclose it to the bankruptcy court is the only reasonable inference to be drawn from the evidence.").

Further, Smith had a motive to conceal the claim. By failing to schedule his suit, Smith could hope to recover on the claim himself rather than for the benefit of his creditors. *See id.* ("The ever present motive to conceal legal claims and reap the financial rewards is undoubtedly why so many of the cases applying judicial estoppel involve debtors-turned-

---

[6](...continued)
they do not fall under *Cannon-Stokes* but rather *Biesek v. Soo Line R. Co.*, 440 F.3d 410 (7th Cir. 2006) (refusing to apply judicial estoppel against a trustee based on a debtor's failure to schedule a claim).

9

plaintiffs who have failed to disclose such claims in bankruptcy."). Only after the denial of his motion to dismiss Franklin Life's financially crippling counter-claim did it become advantageous for Smith to return to the bankruptcy court and reveal the claim. *See, e.g., Barger*, 348 F.3d at 1297 (drawing a negative inference from an attempt to reopen a bankruptcy estate because the plaintiff acted only when faced with a summary judgment motion).

Thus, Smith's failure to initially schedule his claim cannot be considered inadvertent or mistaken; rather, as in *Bland,* the doctrine of judicial estoppel applies despite Smith's reopening of his bankruptcy estate and prevents him from gaming the judicial system through procedural sleight-of-hand.[7]

## CONCLUSION

Because the doctrine of judicial estoppel bars Smith's claims, Franklin

---

[7]Because this Court finds a lack of inadvertence or mistake in the initial failure to disclose, it does not address Franklin Life's additional argument that Smith's subsequent disclosure was also inadequate because it listed the claim's value as both "unknown" and of "no value." Nor does this Court express any opinion on Franklin Life's other grounds for summary judgment.

Life's motions for summary judgment (d/e 11) and entry of judgment (d/e

16) are GRANTED.


IT IS SO ORDERED.

ENTERED:                        April 2, 2008

FOR THE COURT:                  /s Judge Richard Mills
                                United States District Judge